7 F.3d 232
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Craig McKown BROCK, et al. Appellees,
v.
SYNTEX LABORATORIES, INC. Appellant.
 Nos. 92-5740, 92-5766.
 United States Court of Appeals, Sixth Circuit.
 Oct. 1, 1993.
 
 Before: KEITH and JONES, Circuit Judges; PECK, Senior Circuit Judge.*
 
 
 1
 The issue for decision in this appeal is that of subject matter jurisdiction. The narrow question presented is whether the district court correctly determined that the one-year time limitation for removal of diversity cases under 28 U.S.C. § (1988 & Supp.1993) is a jurisdictional bar. The district court held that it is. We agree and therefore affirm.
 
 
 2
 Plaintiffs initiated this litigation on November 29, 1979, with a products liability action against Syntex Laboratories, Inc. Jurisdiction was based on the diversity of the parties, and the plaintiffs sought damages in the amount of one million dollars. After dismissal of that action without prejudice under Rule 41 of the Federal Rules of Civil Procedure on September 17, 1980, a subsequent suit, nearly identical, was filed in Franklin County, Tennessee, Circuit Court on September 11, 1981. In that action, the damages sought were reduced to the then-pending jurisdictional limit for amount in controversy in diversity cases, $10,000.
 
 
 3
 The latter suit saw no activity, save for some limited discovery, until September 18, 1991, when a motion to amend was filed. Two months later, on November 21, 1991, the motion was granted and Syntex Corporation was added as an additional defendant. With that, the damage prayer increased from $10,000 to over $5 million.
 
 
 4
 On December 10, 1991, Defendants removed the action back to the U.S. district court on diversity grounds. Syntex Corporation moved for dismissal due to lack of in personam jurisdiction on January 28, 1992. Almost three months after defendant's notice of removal, on March 5, 1992, plaintiffs filed a motion to remand, on the ground that contrary to Section 1446(b), the action was not removed within one year of its September 11, 1981, commencement in state court. Also applicable is U.S.C. § 1447(c) which provides in relevant part, that:
 
 
 5
 A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under § 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.
 
 
 6
 The district court considered whether or not the one-year limitation in Section 1446(b) was jurisdictional. The court also considered the corollary issue of whether, if it was not jurisdictional, waiver by the plaintiffs of any procedural objection had occurred. After analyzing the relevant case law and the legislative history, the district court concluded that the one-year period was, indeed, jurisdictional. It followed that the waiver issue need not be reached.
 
 
 7
 While it seems likely that Defendants may have engaged in a manipulation of the rules of pleading, the statutory language is unmistakably clear. The district court, in a thoughtful opinion, found that diversity jurisdiction of the court is determined by Congress, and courts are powerless to question the fairness of any limits imposed on that jurisdiction. We agree.
 
 
 8
 Accordingly, on the basis of the reasoning of the district court's opinion, we AFFIRM.
 
 
 
 *
 Hon. John W. Peck, Senior Circuit Judge, deceased September 7, 1993. Judge Peck participated in the oral argument but not the decision in this case